IN THE SUPREME COURT OF THE STATE OF DELAWARE

THE ROOFERS, INC., d/b/a § 
TRI-STATE THE ROOFERS, §
 § No. 205, 2014
Plaintiff-Below, §
Appellant, § Court Below:  Superior Court of
 § the State of Delaware in and for
v. § New Castle County
 §
DELAWARE DEPARTMENT § C. A. No. N09C-11-063
OF LABOR, §
 §
Defendant-Below, §
Appellee. §

Submitted: November 19, 2014
Decided: November 24, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VAUGHN**, Justices.

**O R D E R**

This 24th day of November 2014, upon consideration of the parties' briefs and the record in this case, it appears to the Court that:

The appellant raises as its central argument on appeal a proposition it did not fairly raise below.  At best, the appellant can point to a single reference to that issue in a lengthy oral argument before the Superior Court.  Its briefs to the Superior Court addressing sovereign immunity do not make the argument the appellant now attempts to make.  Therefore, the issue has not been properly raised

below and may not be raised on appeal under Rule 8.[1]  Nor is it in the interest of justice to allow a litigant who made an extremely unusual request for attorneys' fees, who should have anticipated a sovereign immunity defense, and who failed to present all of its arguments fairly below, to appeal the denial of that request.  Based on the arguments that were fairly presented below, we find that the Superior Court made no error of law in denying the appellant's application for attorneys' fees, and we affirm on the basis of the Superior Court's opinion of March 25, 2014.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[2] *Roofers, Inc. v. Del. Dep't of Labor*, 2014 WL 1228911 (Del. Super. Mar. 25, 2014).